# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-99V
UNPUBLISHED

| | |
|---|---|
| CHERYL KOWAL,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 8, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Pneumococcal<br>Conjugate Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*Kari Elizabeth Panza*, R.J. Marzella & Associates, P.C., Harrisburg, PA, for petitioner.

*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

  On January 18, 2019, Cheryl Kowal filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that her January 22, 2016 pneumococcal conjugate vaccination(Prevnar 13) caused her to suffer an on-Table shoulder injury related to vaccine administration (SIRVA). Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 5, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that

DICP [Division of Injury Compensation Programs, Department of Health and Human Services] has reviewed the petition and medical records filed in this case and has concluded that compensation is appropriate because petitioner meets the criteria for a presumed SIRVA, as defined by the Vaccine Injury Table. Specifically, petitioner had no history of pain, inflammation or dysfunction in her right shoulder; her pain occurred within 48 hours of receipt of an intramuscular vaccination; her pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her symptoms. 42 C.F.R. § 100.3(a), (c)(10).

*Id.* at 4-5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
