# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-99V
UNPUBLISHED

| | |
|---|---|
| CHERYL KOWAL,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 21, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Pneumococcal Conjugate Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Kari Elizabeth Panza*, R.J. Marzella & Associates, P.C., Harrisburg, PA, for petitioner.

*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On January 18, 2019, Cheryl Kowal filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq., (the "Vaccine Act"). Petitioner alleges that her January 22, 2016 pneumococcal conjugate vaccination (Prevnar 13) caused her to suffer an on-Table shoulder injury related to vaccine administration (SIRVA). Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 8, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On May 20, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded damages in the amount $50,000.00. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $50,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHERYL KOWAL, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 19-99V <br> Chief Special Master Corcoran <br> ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.   Items of Compensation**

On May 5, 2020, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. The Chief Special Master issued a Ruling on Entitlement on May 8, 2020, finding that petitioner was entitled to vaccine compensation for her right-sided shoulder injury. Based upon the evidence of record, respondent proffers that petitioner should be awarded $50,000.00. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.   Form of the Award**

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$50,000.00**, in the form of a check payable to petitioner.[1] Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*s/ Traci R. Patton*
TRACI R. PATTON
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 353-1589

Dated:  May 20, 2020