# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-0099V**
(not to be published)

|  |  |
|---|---|
| CHERYL KOWAL,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 14, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Kari Elizabeth Panza, R.J. Marzella & Associates, P.C., Harrisburg, PA , for Petitioner.*

*Traci R. Patton, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 18, 2019, Cheryl Kowal filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq. (the "Vaccine Act"). Petitioner alleged that her January 22, 2016 pneumococcal conjugate vaccination (Prevnar 13) caused her to suffer an on-Table shoulder injury related to vaccine administration. (Petition at 1-2). On May 21, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 36).

Petitioner has now filed a motion for attorney's fees and costs, dated June 22, 2020, (ECF No. 41), requesting a total award of $19,655.62 (representing $15,880.00 in fees and $3,775.62 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 41 at

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

19). Respondent reacted to the motion on June 22, 2020, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring calculation of the amount to be awarded to my discretion. (ECF No. 42). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 C. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

2

**ATTORNEY FEES**

A. Hourly Rates

Petitioner requests the hourly rate of $300 per hour for all time billed by attorney Kari Panza frm 2018 to 2020. (ECF No. 41 at 6). But Ms. Panza was previously awarded the rates of $225 per hour for years 2014 – 2015, and $250 per hour for years 2015 – 2016. *See Sease v Sec'y of Health v. Human Servs.,* No. 16-964V, 2017 WL 1376439, (Fed. Cl. Spec. Mstr. Mar. 21, 2017).

The requested rate is within the Vaccine Program's published range for attorneys at Ms. Panza's level of overall experience, albeit on the higher end of the range, and Ms. Panza is eligible for a rate increase for more recent years. However, the Program generally does not approve increases of the magnitude requested ($50 per year), even for the most experienced attorneys in the Program. I will therefore reduce Ms. Panza's rates to $275 per hour for 2018, and $290 per hour for 2019-20, and I will award that amount herein.  This reduces the fees to be awarded by **$399.00**.[2]

B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.9 hours was billed on tasks considered administrative including, receiving documents, forwarding correspondence, creating the client file, and mailing documents. Examples of the tasks include:

- December 14, 2018 (0.80 hrs) "Initial client package drafted/Mailed to client";

- December 27, 2018 (0.20 hrs) "Physical filed created/shelved";

---

[2] This amount consists of ($300 - $275 = $25 x 2.8 hrs = $70) + ($300 - $290 = $10 x 32.90 hrs = $329) = $399.00.

- January 8, 2019 (0.10 hrs) "FF Ciox re: invoice Gastro recs/forward for payment";

- January 9, 2019 (0.10 hrs) "Online payment to Ciox"; and

- February 6, 2019 (0.20 hrs) "Review/Save to file EOA Patton/enter attorney info to needles Doc #7."

(ECF No. 41 at 8-10).

I will therefore further reduce the amount of fees to be awarded by **$336.50**.[3]

## ATTORNEY COSTS

Petitioner is requesting $3,775.62 in overall costs, including but not limited to medical records, shipping and copying costs. (ECF No. 41 at 14). I have reviewed all the requested costs and find them to be reasonable, I award the requested amount in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$18.920.12** (representing $15,144.50 in fees and $3,775.62 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] This amount consists of ($290 x 0.6 hrs = $174) + ($125 x 1.3 hrs = $162.50) = $336.50.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.